## LISTEMANN v. RUSSIAN SYMPHONY SOCIETY. WOLF v. SAME.
### LAITNER v. SAME.
(Supreme Court, Appellate Term. December 8, 1910.)

CORPORATIONS (§ 432*)—ACTION ON AGENT'S CONTRACT—PROOF OF AGENCY—NECESSITY FOR.

Where plaintiff was employed as a musician by the vice president of a membership corporation, in an action to recover for such services, plaintiff must show that the vice president acted within his authority in employing him.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1730; Dec. Dig. § 432.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Actions by Franz Listemann, Jacob Wolf, and Michael Laitner against the Russian Symphony Society. Judgments for plaintiffs, and defendant appeals. Reversed, and new trials ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Flannagan & Erskine (H. Gerald Chapin, of counsel), for appellant. Adolph M. Schwarz, for respondents.

PLATZEK, J. These three actions were tried together, with the understanding that the result obtained in the action of Franz Listemann should be conclusively binding upon the parties in the other actions.

The defendant is a membership corporation organized under the laws of New York. The plaintiff seeks to recover for services rendered as a cello player for one week in November, 1908, in various cities outside of New York. Judgments were rendered by the trial justice in favor of the plaintiffs Listemann and Wolf for $64.41, and Laitner for $69.41. A similar action by another musician, a member of the same orchestra, at the same time, on the same tour, and substantially upon the same evidence was tried in one of the Municipal Courts of the city of New York heretofore, resulting in a judgment in favor of the plaintiff, and from which an appeal was taken to this court and reversed. In the case previously reviewed, as in this suit, the proof showed employment by one Jacob Altschuler and that Altschuler was vice president of the defendant. No evidence was offered to show that Altschuler acted with authority for the defendant. The plaintiff has wholly failed to make out a cause of action.

Judgments reversed and new trial ordered, with costs to appellant to abide the event, on authority of Gingras v. Russian Symphony Society, 122 N. Y. Supp. 286.

GUY, J., concurs. GAVEGAN, J., taking no part.